## BAKER v. REDD.

1. **Judgment:** WHEN OBTAINED FRAUDULENTLY: INJUNCTION: PROMISSORY NOTE. Where the maker of a promissory note held a receipt, acknowledging payment thereof, from the indorsee, who sued upon the note, representing to the maker, however, that he did not intend to enforce its collection against him but against the payee, and judgment was accordingly rendered by default, it was *held* that an injunction should be granted perpetually restraining the collection of the judgment from the maker of the note.

*Appeal from Van Buren Circuit Court.*

THURSDAY, OCTOBER 5.

IN June, 1870, the defendant recovered a judgment against the plaintiff in the Circuit Court of Van Buren county, on a promissory note. The judgment was rendered by default and the object of this action, which was commenced in 1874, is to perpetually enjoin the collection of said judgment on the ground that it was fraudulently obtained and has been paid or satisfied. The Circuit Court found for the plaintiff and rendered a decree accordingly, and the defendant appeals.

*W. Moore, Bertrand Jones* and *D. C. Beaman*, for appellant.

*W. A. Work* and *R. Lea*, for appellee.

SEEVERS, CH. J.—There is no pretense anything has been paid on the judgment since its rendition. The note on which the judgment is based was given by the plaintiff to one S. B. Stedger, and the defendant obtained it from him, and the plaintiff claims to have paid a part of the amount to or for the benefit of Stedger before the transfer to the defendant and the residue of the amount due on the note after its transfer.

Previous to the commencement of the suit on the note the defendant gave the plaintiff a receipt whereby he acknowledged the note had been paid, and the plaintiff claims that previous to bringing that action the defendant represented he

did not wish to make plaintiff pay the judgment he might obtain, but he desired to get such judgment so that he could the more readily make Stedger pay the amount he had received from plaintiff before the transfer of the note, and relying on the representations of defendant he did not defend such action which was brought against the plaintiff and Stedger.

There is serious conflict in the testimony of plaintiff and defendant. A careful reading, however, of all the evidence has satisfied each member of the court that the following facts are sufficiently proved:

1. As has been stated, the defendant acknowledged in writing the note had been fully paid by the plaintiff.

2. That the defendant understood long after the judgment was obtained he had no claim on the plaintiff. He admitted time and again to different persons he had no claim on the plaintiff; that the latter had paid the note and the only object he had in getting judgment was to enable him to collect it of Stedger.

It is not to be supposed the plaintiff with a receipt against the note in his possession, would permit a judgment to be rendered by default against him for several hundred dollars, unless it was as he states in his testimony under an agreement by which the judgment was not to be enforced against him.

Taking the receipt and testimony of Lea, Mayne and others, we are forced to the conclusion that the evidence of the plaintiff is so supported thereby as to render it more reliable than that of the defendant. In fact, the testimony of the plaintiff is more consistent with what few admitted facts there are than that of the defendant.

Conceding the testimony of the plaintiff to be true, we have no hesitation in holding that the attempt to enforce the collection of the judgment is a fraud on him.

It is, however, insisted that the plaintiff has been guilty of laches, and Code, § 2522 bars his right to the relief in this action.

The defendant caused an execution to issue on the judgment in 1871, which through the exertions of Stedger's attorney and contrary to the wishes of the defendant, was levied

on the property of the plaintiff. This execution was returned by direction of the defendant, and he agreed he never would enforce the collection of the judgment against the plaintiff. No other execution was issued or attempt made to collect it until the execution enjoined in this action was issued. Under these circumstances there is no such laches as will bar the plaintiff's right to relief.

The Code, § 2522 provides, "judgments obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has been discovered since the judgment was rendered."

The plaintiff knew the note had been paid and that defendant proposed to take a judgment against him thereon, and he also knew that such judgment was not to be enforced against him. The plaintiff's cause of action grows out of the proceeding to collect the judgment in violation of the agreement and this did not accrue until after the rendition of such judgment.

We have examined the authorities cited by counsel for the appellant, but under the view we take of the case we fail to see their applicability further than we concede the testimony should be clear and convincing.

AFFIRMED.