## RYAN & Co. v. MULLINIX ET AL.

45 631
81 368

1. **Practice:** TRIAL: CERTIFICATE OF CLERK. Where a cause was ordered to be tried upon written evidence, it will be presumed to have been so tried, in the absence of a bill of exceptions or other statement signed by the judge, and this presumption will not be rebutted by a certificate of the clerk that the trial was upon oral as well as written evidence.

2. ———: DEFECT OF PARTIES: WAIVER. If the objection that one who is a necessary party is not joined in the action be not raised by demurrer, it will be deemed to have been waived.

3. **Fraudulent Conveyance:** EVIDENCE. Facts considered which were held to render a conveyance fraudulent.

*Appeal from Decatur Circuit Court.*

WEDNESDAY, APRIL 18.

THIS is an action in equity to set aside, as fraudulent, a conveyance of certain property from the defendant C. P. Mullinix to one A. C. Lockwood, and from Lockwood to the defendant Emma Mullinix. The court rendered a decree for plaintiffs, setting aside the conveyances named. The defendants appeal.

*J. B. Morrison* and *Warner & Bullock,* for appellants.

*Harvey & Bro.* and *Wright, Gatch & Wright,* for appellees.

DAY, CH. J.—I. It is claimed that the evidence is not so certified that the cause can be heard here *de novo.* The cause was tried at the May term, 1876. On the second day of the appearance term, October, 1875, by agreement of the parties in open court, it was ordered that the cause be tried upon depositions and documentary evidence. It is not denied that the evidence is certified to this court by the clerk. But the appellees have filed the certificate of the clerk of the Circuit Court that the cause was tried upon deposition, record evidence and oral evidence, and that there is no certificate of the judge who tried the cause showing that the record contains all the evidence introduced on the trial. In view of this certificate, appellee insists that the evidence should have been certified by the judge, as provided in section 2742 of the Code. We cannot attach any importance or give any attention to this certificate of the clerk. It is no part of his duty to watch the progress of a trial, or to know that it was tried upon oral testimony. His certificate of that fact is entitled to no more consideration than would be the affidavit of an attorney present at the trial. The court having ordered that the cause be tried upon deposition and documentary evidence, in the absence of bill of exceptions, or other statement signed by the judge, the conclusive presumption is that it was so tried. The record cannot be made up or modified by a certificate of the clerk as to the manner in which the trial progressed.

*1. PRACTICE: trial: certificate of clerk.*

II. Appellants claim that A. C. Lockwood is a necessary party, and that the cause must be reversed because he was not made a party defendant. If he is such necessary party the fact appears upon the face of the petition. Section 2648 of the Code provides that the defendant may demur to the petition where it appears upon its face " that there is a defect of parties, plaintiffs or defendants."

*2. ——: defect of parties: waiver.*

Section 2650 provides that " when any of the matters enumerated as grounds of demurrer do not appear on the face of the petition the objection may be taken by answer. If no such objection is taken it shall be deemed waived. If the facts stated by the petition do not entitle the plaintiff to any

Ryan & Co. v. Mullinix.

relief whatever, advantage may be taken of it by motion in arrest of judgment, before judgment is entered."

Whilst the language of this section differs slightly from the corresponding section (2878) of the Revision, we think its meaning is the same. It cannot be claimed that the facts stated in the petition do not entitle plaintiffs to any relief whatever. As the objection that there is a defect of parties was not raised by demurrer it is deemed waived.

III. Appellants insist that the court erred in the admission in evidence of an affidavit made by the defendant, C. P. Mullinix, April 9, 1872. The abstract does not show that any exception was taken to this action of the court.

IV. The evidence, we think, fairly sustains the decree. At the time the conveyances in question were made an action was pending in behalf of plaintiffs againts C. P. Mullinix and others, upon a replevin bond. On the 16th day of October, 1874, C. P. Mullinix conveyed to his father-in-law, A. C. Lockwood, the property in controversy, being the undivided one-half of two lots in the town of Leon, and about two hundred and twenty-five acres of land. On the 17th day of October, A. C. Lockwood conveyed this property to Emma Mullinix, the wife of the defendant, C. P. Mullinix. The consideration named in these deeds is $3,500. On the 4th day of August, 1875, Thomas G. Ryan & Co. recovered judgment against C. P. Mullinix and the other sureties upon the replevin bond, in the Van Buren Circuit Court, for $2,356.89. A transcript of this judgment was filed in the office of the clerk of the Circuit Court of Decatur county.

Afterward, on the 3d day of September, 1875, the conveyances above named were recorded. All the other sureties upon the replevin bond are insolvent. C. P. Mullinix frequently declared that he intended to put his property beyond the reach of this claim, and we think the conveyances in question were made for that purpose. It is true C. P. Mullinix testifies that the conveyance to Lockwood was made in payment of a debt, without any fraudulent intent. And A. C. Lockwood testifies that the conveyance to him was in con-

3. FRAUDULENT conveyance: evidence.

sideration of $2,300, which C. P. Mullinix owed him, and mortgages and judgments against Mullinix, which he assumed, amounting to $3,350, and that he conveyed the lands to his daughter because he wanted a home, and to provide for her and her children, as her husband was an habitual drunkard, and squandering his property. If $3,350, the greater part of the consideration, was Lockwood's agreement to pay mortgages and judgments against Mullinix, it is unaccountable that the record of such mortgages and judgments was not produced, and that their existence was left to depend solely upon the statement of Lockwood. Emma Mullinix testifies as follows: "My father purchased this property to secure $2,300 that my husband owed him and to secure himself a home, and a home for me and my children, because my husband was drinking and squandering his property. When my father conveyed this property to me I gave him for the same my note for $1,400 and an obligation binding me to maintain him during his life, and to pay his traveling expenses and board at the rate of $2 per week when he should be away from home."

The evidence shows that Lockwood was, at the time of this transaction, a man of small means, his property not exceeding in value five or six thousand dollars. It is not at all reasonable that he should discharge a debt of $2,300, and assume liabilities of $3,500, in consideration of this property, and the next day convey the whole of it to a daughter whose husband was squandering his property in drunkenness, in consideration of a note of $1,400, and an agreement to maintain him during his life. The whole transaction bears unmistakable ear marks of fraud. The judgment of the court below is

AFFIRMED.