MELICK v. THE FIRST NATIONAL BANK OF TAMA CITY ET AL.

1. **Fraudulent Representations:** PROMISSORY NOTE: SURETY. The false representations of one of the payees of a note that the principals in the note were not indebted to the payees in any further amount, whereby another was induced to sign the note as surety, constituted a fraud upon the surety which, as to him, would avoid the note.

2. **Practice:** DEFECT OF PARTIES: WAIVER. The objection that there is a defect of parties cannot be raised for the first time in the Supreme Court.

3. **Fraudulent Representations:** JUDGMENT: ESTOPPEL. The fact that a surety, who was induced to sign a note by fraudulent representations, had confessed judgment upon the note would not estop him to maintain an action to set aside the judgment on the ground of the fraud, it being shown that he had no knowledge of such fraud at the time the judgment was entered.

*Appeal from Tama District Court*

WEDNESDAY, OCTOBER 22.

ACTION in equity to set aside a judgment by confession. The relief asked was granted and defendants appeal.

*Stivers & Leland*, for appellants.

*Struble & Kinne*, for appellee.

SEEVERS, J.—I. The appellants insist this cause is triable *de novo;* it will be so conceded. The undisputed facts are that the plaintiff signed a note as surety for Furry and John Newcomer, payable to Harrison, Hall & Warren to secure future advances of money to be made by the said payees to said Newcomers. Afterward the plaintiff and Newcomers confessed judgment on the note in favor of Harrison, Hall & Warren. This action was brought to set aside said judgment on the ground of fraudulent representations made by the payees at the time the note was executed. The fraudulent representations, as claimed by the plaintiff, were, that just previous thereto, and at the time the note was executed, he inquired of Harrison,

one of the payees, whether the Newcomers were indebted to Harrison, Hall & Warren. Harrison replied they were not. The truth being that they were then indebted in the sum of between $1200 and $1300, and for which they had sometime previously confessed judgment. The plaintiff signed the note reluctantly, and we feel satisfied he would not have done so had he been told the truth.

The claimed proposition is sustained by the evidence of the plaintiff and the Newcomers. All of them testify the inquiry and the reply were made as above stated. The only evidence contradictory thereto is that of Harrison, but we are constrained to believe the decided preponderance is with the plaintiff, and that the alleged facts in this respect are true.

1. FRAUDULENT representations: promissory note: surety.

That the representations aforesaid constitute a fraud and are sufficient to avoid the note in the hands of the payees as to the surety is not seriously contested by counsel for the appellants. The authorities so hold. 1 Parsons on Notes and Bills, 236; 1 Story's Eq. Jur., § 324. *Graves v. Tucker*, 10 Sme, and Mar. 1; *Selsor v. Brock*, 3 Oh. St., 302; *Ham v. Grive et al.*, 34 Ind., 18; *Franklin Bank v. Cooper*, 36 Mo., 179; *Chambers v. Cochran et al.*, 18 Iowa, 159, 166.

II. The more serious question is whether the plaintiff is barred of any relief because of the confession of judgment. Before the commencement of this action it was assigned to the bank defendant, herein. As it was not negotiable the bank took it subject to all equities existing at the time of the assignment between the plaintiff and assignors, Harrison, Hall & Warren. Code § 2084.

Harrison, Hall & Warren are not parties to this action, and it is objected that, conceding the judgment may be set aside in a proceeding instituted for that purpose in which they are parties, it cannot be done in this action.

2. PRACTICE: defect of parties: waiver.

That there is a defect of parties is a ground of demurrer. Code, § 2648. No demurrer was filed. If such fact does "not appear on the face of the petition the objection may be taken by answer. If no such objection is made it shall be deemed waived. If the facts stated by the petition do not entitle the plaintiff to

any relief whatever, advantage may be taken of it by motion in arrest of judgment before judgment be entered." Code, § 2850. The objection now urged was not raised in the court below by either answer or motion in arrest. It must, therefore, be deemed waived, conceding it would have been available if made at at the proper time, and in the proper manner.

III.   If at the time the judgment was confessed the plaintiff had knowledge of the fraud it may be that he is estopped from

3 FRAUDU-
LENT repre-
sentations:
judgment: es-
toppel.

now setting it up.   Otherwise the same matters that avoid the note will just as seriously affect the judgment.   The judgment was confessed at the instance of Harrison, Hall & Warren, and the plaintiff testifies the object was to obtain a lien on the property of the Newcomers, and that he had no knowledge of the fraud at that time. It is true he first stated otherwise, but this was corrected at the time the deposition was read over to him.   In other respects the evidence of the plaintiff is consistent with itself, and is corroborated by the Newcomers.   The story told by him is not improbable when contrasted with that of Harrison.   Under such circumstances we would not be warranted in wholly discrediting the plaintiff because of the corrections made in his deposition.   The matter wherein the plaintiff is contradicted by Harrison is that about a week previous to the confession he had a conversation with the plaintiff, and that he had then informed the latter of the indebtedness and judgment previously confessed by the Newcomers.   In this we think Mr. Harrison is mistaken.   The plaintiff then knew the Newcomers had failed, but the existence of said judgment which he then first learned, if at all, caused no surprise, and according to Harrison did not seem to affect him in any way.   Harrison was then anxious to obtain the confession and would not likely have communicated a fact which would have had a tendency to prevent such result.   It is improbable the plaintiff would have confessed judgment under such circumstances. *Baker v. Redd*, 44 Iowa, 179.   Furry Newcomer testified that Harrison requested him not to say anything to plaintiff about the former judgment and indebtedness. It is not, therefore, probable he would have himself communicated that which he had requested New-

comer to withhold. We are, by reason of the foregoing matters, of the opinion the preponderance of the evidence is with the plaintiff, as to his having knowledge of the fraud at the time the judgment was confessed.

Under the circumstances the plaintiff was not chargeable with laches, for he had the right to rely on what he was told by Harrison when he signed the note.

AFFIRMED.