HANKS ET AL. v. NORTH ET AL.

1. **Injunction**: MISJOINDER: PRACTICE. If there was a misjoinder of parties plaintiff, it was competent for one to dimiss the action as to himself, and such dismissal would not dissolve the injunction or render the filing of an amended petition necessary.

2. **Practice**: OBJECTION NOT MADE BELOW. An objection to the decree, not raised in the court below either by demurrer, answer, or motion in arrest of judgment, is waived.

3. **Township Trustees**: PURCHASE OF MACHINERY FOR WORKING HIGHWAYS. The township trustees have no authority to purchase tools and machinery for working highways, and thereby create a debt to be paid out of the levies of future years. Following *Wells v. Grubb, ante,* p. 384.

*Appeal from Franklin Circuit Court.*

TUESDAY, JUNE 6.

THE plaintiffs commenced this action praying a writ of injunction restraining the township trustees of Washington township, Franklin county, from purchasing a Wauchope Excavator and Grader, and from issuing orders upon the general township fund for the payment thereof, and also restraining the clerk and his successors in office from paying the orders issued by said township trustees in payment for said grader. A temporary injunction issued in vacation as prayed.

The defendants, the township trustees, answered, alleging that they had purchased the grader, and in payment thereof had executed two orders, directing the township clerk to pay out of the general township fund six hundred and seventy-five dollars. The defendants further alleged that the defendants are separate tax payers of said township, and do not own any property jointly, and have no joint interest in the subject-matter of the suit. The cause was submitted to the court upon an agreed statement of facts, and a decree was entered making the injunction perpetual. The defendants appeal.

*Wright & Wright, King & Henley* and *W. H. Stivers*, for the appellants.

*H. L. Dows*, for the appellees.

DAY, J.—The cause was submitted upon an agreed statement of facts, as follows:

"That at the commencement of this suit the plaintiffs were each residents of Washington township in Franklin county and State of Iowa, and each were separate tax payers thereof; that the defendants, North, Loss, and Thayer were trustees of said township, and said defendant Phelps was the clerk thereof.

"That on the third day of July, 1877, at a meeting duly held by said officers in said township, for the purpose of procuring the necessary tools and machinery adapted to constructing and repairing the roads and highways in said township, said trustees purchased of the Wauchope Grader Company the grader and excavator set out in the petition herein, which grader and excavator was well adapted to the construction and repair of such highways.

"That at such time there was no general township fund in said township set apart for the purchase of such tools and machinery.

"That in payment for such grader and excavator, said trustees duly executed to said grader company two township orders, drawn upon the general fund of said township; one, payable April 1st, 1879, for three hundred and thirty-seven dollars; and one for three hundred and thirty-eight dollars, due and payable April 1st, 1880, each drawing 10 per cent interest from date.

"A copy of one of such orders is hereto annexed and made a part hereof.

"The price and value of such grader being six hundred and seventy-five dollars.

"That at the time of such purchase the roads and highways

of said township required repairing and constructing, and said grader was received by said township at such time, and ever since has been used by the officers thereof, in constructing and repairing such highways.

"That there is now in the hands of the township clerk of said township funds, set apart by said township trustees, for the purpose of purchasing tools and machinery adapted to constructing and repairing said highways, and for the purpose of payment of any indebtedness incurred by said township for highway purposes in an amount greater than said order coming due April 1st, 1879, which fund was raised by a tax levied by the trustees and set apart for such purpose at their April session, A. D. 1878; and that no part of said orders has been paid; and they still remain the property of the Grader Company."

After this agreed statement was filed the plaintiff Hanks, withdrew from and dismissed the cause of action so far as it pertained to himself. The defendants thereupon moved to dissolve the injunction on the ground that one of the plaintiffs had dismissed the cause of action so far as he was concerned, and no amended petition has been filed.

I. If there was a misjoinder of parties plaintiff it was competent for one of them to withdraw from the case, and dismiss the action as to himself, and such dismissal would not work a dissolution of the injunction. The mere withdrawal of a party would not render necessary the filing of an amended petition.

1. INJUNCTION: misjoinder: practice.

II. It is claimed that no valid decree can be rendered because the holders of the orders are not made parties to the proceeding. This objection is raised for the first time in this court. Not having been made in the court below either by demurrer, answer or motion in arrest of judgment, the objection is waived. Code, § 2650; *Murphy, Neal & Co. v. Creighton*, 45 Iowa, 179; *Ryan & Co. v. Mullinix*, Id., 631.

2. PRACTICE: objection not made below.

III. It appears from the agreed statement of facts that

the purchase of the grader was made without setting apart any fund, or portion of tax levied therefor, and that a debt was created to be paid out of the levies of future years. The case falls within the principle of *Wells v. Grubb et al.*, *ante*, p. 384. Following that case the decree in this is

3. TOWNSHIP trustees: purchase of machinery.

· AFFIRMED.