AT

## DES MOINES, JANUARY TERM, A. D. 1889.

IN THE FORTY-THIRD YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH R. REED, CHIEF JUSTICE.
HON. JAMES H. ROTHROCK,
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,   } JUSTICES.
HON. CHARLES T. GRANGER,

---

## MITCHELL v. JOYCE.

**Attachment:** MATTER IMPROPERLY PLEADED AS COUNTER-CLAIM: OBJECTION TOO LATE: GENERAL AND SPECIAL VERDICTS. In an action by attachment defendant set up a counter-claim on the attachment bond for the alleged wrongful suing out of the attachment, and in another division he set up, also by way of counter-claim, a cause of action based on a breach of an agreement. No demurrer was filed, or other objection made, to this division of the answer. The jury specially found that the attachment was not wrongfully sued out; also, that a certain sum was due plaintiff from the defendant at the beginning of the suit; also, that a certain greater sum was due defendant as actual damages; and there was a general verdict for defendant. *Held—*

(1) That, although the division of the answer setting up the breach of the contract was not properly pleadable as a counter-claim, yet, since it showed a liability, and was not objected to before it was submitted to the jury and a verdict rendered in defendant's favor thereon, it was then too late to ask that it be disregarded, and that a judgment be rendered on the special finding in favor of plaintiff, notwithstanding the general verdict.

(2) That, in the absence of the evidence, this court will presume that the general verdict for defendant was based upon the finding in his favor on the division improperly pleaded as a counter-claim, since it would be in conflict with the special findings on the counter-claim based on the wrongful suing out of the attachment.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

FILED, OCTOBER 15, 1887

ACTION in attachment. The defendant pleaded a counter-claim. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*Slone & Gamble* and *C. H. Robinson,* for appellant.

*L. Kinkead* and *T. J. Anderson,* for appellee.

ADAMS, C. J.—The counter-claim was based in part upon the allegation that the writ of attachment was wrongfully sued out, and in part upon another matter. The jury found specially that the writ was not wrongfully sued out, and the plaintiff insists that the general verdict should have been for him. He moved the court below to render judgment in his favor for the amount due him regardless of the counter-claim, which amount, according to the finding of the jury, was $339.25, and interest. The court overruled the motion, and he assigns the action of the court in that respect as error.

The verdict in the defendant's favor was rendered upon the theory that the plaintiff had become liable to the defendant for property seized in the sum of

$1,068.07. The plaintiff insists that, unless the writ was wrongfully sued out, there was no such liability as could be made the subject of a counter-claim, because the liability, if any, accrued after the commencement of the action. To this the defendant replies that, whether the liability could be properly set up as a counter-claim or not, he did set it up in his answer, and that the same was not demurred to, and that the case was tried upon the issue thus tendered, and that the plaintiff cannot now be allowed to ask for judgment on the special verdict, as if there had been no such issue. The case then appears to be this: A matter is pleaded as a counter-claim which shows a liability, but not a liability which can properly be set up in that way. No demurrer, however, is interposed, and the case goes to the jury upon the counter-claim, and the same is allowed. Can the court, on motion, disregard this allowance, and treat the case the same as if such counter-claim had not been pleaded? We think not.

If the facts pleaded in the counter-claim had been of such kind that the defendant could not recover on the same in any form, it may be that the plaintiff's motion might be treated as a motion in arrest of the general judgment, under section 2650 of the Code. But such is not this case.

The plaintiff calls our attention to the fact that he objected to evidence of the alleged liability, on the ground that it was incompetent and immaterial. But no exception was reserved to the overruling of the objection, and no assignment of error is based thereon. The general verdict having been rendered under the issues as made and tried, we cannot say that the court erred in refusing to set it aside on the ground that what was set up as a counter-claim was available to the defendant only as an independent cause of action.

AFFIRMED.

Mitchell v. Joyce.

OPINION ON REHEARING.

FILED, JANUARY 15, 1889.

GRANGER, J.—Counsel for appellant, in their argument on petition for rehearing, urge that the former opinion "utterly and absolutely fails to even mention the real and most salient point" presented in their assignment of errors. The argument then presents the following as the point which failed to receive attention, and as the one on which they most rely. It is the only point argued on the present hearing. It is "that, under the special findings of the jury, the defendant, Joyce, is not entitled to any damages by reason of the alleged wrongful suing out of the attachment." The testimony is not all in the abstract, and it is conceded in argument that with the testimony this court has nothing to do. A new trial is not asked. The case, as we understand it, presents only the question of whether, under the state of the record, the special findings of the jury entitle the plaintiff, as a matter of law, to a judgment, notwithstanding the general verdict. The general verdict was for the defendant for $637.22. The following special findings were returned by the jury: "Do you find there was a sum due the plaintiff at the commencement of this suit, and, if so, how much? A. Yes; $339.25. Did the plaintiff have reasonable grounds to believe the defendant was about to dispose of his property with intent to defraud his creditors at the time he sued out the writ of attachment herein? A. Yes. Did the plaintiff have reasonable grounds to believe, at the time he sued out the writ of attachment herein, that the defendant had disposed of his property, in whole or in part, with intent to defraud his creditors? A. Yes. Was the writ of attachment in this case wrongfully sued out by the plaintiff? A. No. How much, if anything, do you allow the defendant as actual damages? A. $1,068.07." There are some twenty other findings, but they refer to the subject of exemplary damages, or to

the items which make up the amounts found for the respective parties, and are not essential to the question before us.

Code, section 2809, is as follows: "When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly." The special findings of the jury cannot prevail over the general verdict unless it affirmatively appears that they are inconsistent therewith. *Mershon v. Ins. Co.*, 34 Iowa, 87. Is the general verdict in this case inconsistent with the finding of facts?

This leads us to examine the issues with regard to which the findings were made. In the thirteenth and fourteenth divisions of the answer the defendant seeks to recover by way of counter-claim. The fourteenth division contains the usual allegations for recovery on an attachment bond; setting out the bond, the conditions, and the breach thereof. The grounds upon which the attachment was sought are (1) that the defendant was about to dispose of his property with intent to defraud his creditors; (2) that the defendant had disposed of his property, in whole or in part, with intent to defraud his creditors. Special findings were submitted with reference to each of these grounds, and the answers were both favorable to the plaintiff. The jury also found that the attachment was not wrongfully sued out. So far, then, as the fourteenth division of the answer is concerned, the findings are inconsistent with the general verdict, and, unless it has at least a presumptive support in the thirteenth division of the answer, it must yield to the special verdict. The thirteenth division of the answer comes to us unquestioned as to sufficiency, and we must so regard it. In argument it is characterized as a duplicate of the fourteenth division. Not so. The fourteenth division bases a right of recovery on the bond, with the usual averments as to a wrongful suing out of an attachment. The thirteenth division states substantially that plaintiff and defendant made an oral agreement whereby

plaintiff agreed to sell defendant provisions for his family, feed for his stock, and assist him in procuring farming implements during the farming season of 1882, as the same might be needed by him; that defendant, relying thereon, planted a crop, and began the cultivation thereof; that in July, 1882, the plaintiff violated his agreement, and failed and refused to further furnish supplies; and in further breach of his agreement, with the intent to oppress and wrong the defendant, and to hinder him in the further cultivation of his crop, brought this action, and caused the attachment to be issued thereunder, and caused the same to be levied upon all of the defendant's property, including the young crop, and his property exempt from execution, and under pretense of said writ trespassed on his crop, and injured and destroyed a part thereof, and prevented the defendant from gathering and marketing the same. It hardly needs argument to show that the two are not duplicates. It is true that in each is the allegation that the attachment was wrongfully sued out, but not for the same reasons. In the fourteenth division the alleged wrongful suing out is based upon the fact that the plaintiff had not reasonable grounds for believing that the defendant had disposed of his property with intent to defraud, etc.; in the thirteenth division it is based on the alleged breach of the agreement. We think the jury must have based their general verdict on this division of the answer. It is true the division seeks, in part, to recover for the same injuries set out in the fourteenth division, but on different grounds. It will be observed that a part of the damage sought in the thirteenth division is not for property taken by the attachment, but for injury to his property by the plaintiff under pretense of the attachment, i. e., the attachment was merely used as a mask or cover for doing the wrong. The detail findings of the jury show that the aggregate amount found for defendant is based on the value of horses, wagon, harness, crops, etc., but they afford no information as to which part of the answer the defendant recovers on, if we except the findings that the attachment was not

wrongfully sued out. Without the testimony before us we cannot see that there were no facts upon which the jury might find for the defendant under the allegations of the thirteenth division of the answer. At least it does not affirmatively appear that the special findings are not consistent therewith, and we still adhere to the conclusion that the judgment should be

AFFIRMED.