THERESA LINDEN, Appellee, v. W. C. GREEN, Sheriff, Appellant.

1. **Action to Recover Possession of Attached Property:** APPEAL. The provisions of section 3019 of the Code of 1873 have no application to actions to recover the possession of specific articles of personal property held by a sheriff under a writ of attachment.

2. **Pleading: DEMURRER: WAIVER.** Where facts constituting ground for demurrer appear upon the face of the petition in a cause, a failure to take advantage thereof either by demurrer or by motion in arrest of judgment will constitute a waiver of the objection. The question of plaintiff's right to relief because of such facts cannot be put in issue by a denial in the answer.

3. **Evidence:** CROSS-EXAMINATION. Matters which were not inquired of on examination in chief are not the proper subject for cross-examination.

4. **Practice: INSTRUCTION.** An instruction which submits to a jury for its finding a question of fact claimed to constitute a defense to plaintiff's cause of action, if erroneous at all, will be regarded as error without prejudice as against a defendant who, by his pleading, has already waived his right to insist on such defense.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

SATURDAY, OCTOBER 25, 1890.

ACTION to recover possession of four cows alleged to belong to and to be wrongfully detained from the plaintiff by the defendant, under a writ of attachment in his hands as sheriff against the property of Jacob Bierhaus. The petition alleges service of notice of ownership, refusal to deliver the property, and sets out the notice and affidavit of service as an exhibit. Defendant answered denying that plaintiff was owner or entitled to the possession of the property, and admitting that, at the commencement of this action, he held the same by virtue of a writ of attachment as alleged. The answer shows that defendant proceeded, in the manner authorized by law, to sell said property, and

states "that, prior to so doing, and to the commencement of this action, no notice of the ownership of said property by plaintiff was, in the manner and form prescribed by law, served upon defendant by plaintiff, and that the notice of ownership, alleged in plaintiff's petition to have been served upon defendant, was served by leaving the copy of the notice and affidavit with defendant, and not the original as required by law." The case was tried to a jury, resulting in a judgment for the plaintiff. The defendant appeals.

*Milt. H. Allen* and *Geo. E. Clarke*, for appellant.

*W. D. Boies* and *Warren Walker*, for appellee.

GIVEN, J.—I. The appellee contends that this case comes within the provisions of section 3019 of the Code, requiring appeals from orders discharging attachments to be perfected within two days, and the appeal was not taken in time. No order was asked nor granted in this case discharging the attachment, under which the defendant held the property, nor was the validity of that attachment in question. It is not a proceeding under section 3016, as was the case of *Ryan v. Heenan*, 76 Iowa, 589, cited by counsel. It is an action to recover possession of personal property, and the appeal was taken in time.

*1. ACTION to recover possession of attached property: appeal.*

II. To a correct understanding of the questions presented it is necessary to notice more particularly the state of the record. The notice of ownership set out was verified by Theodore Linden, and states that appellee is the owner of the property in question by purchase of one Rebecca Bierhaus but does not state for what consideration. It also shows by copy of an affidavit indorsed thereon, that it was served on appellant "by reading the same to him in his presence and hearing, and by then and there delivering to him a true copy thereof." On the trial, appellant objected to the notice and affidavit of service being

*2. PLEADING: demurrer: waiver.*

received in evidence, upon the grounds that the notice did not recite the consideration given for the property, and that the service was by copy, which did not contain an affidavit made by the claimant. This objection was "sustained on the ground that it was not shown that the sheriff received the notice." Testimony was then introduced tending to show that the original notice was handed to appellant, and by him returned to the party making service. There is conflict in the testimony as to whether the original notice was handed to the appellant or not. Following this testimony the offer was renewed, and the same objections made and overruled. At the close of the testimony for appellee, appellant moved for a verdict upon the grounds, among others, that there was no evidence that a notice of ownership, as required by chapter 45, Laws, Twentieth General Assembly, had been served upon him in manner and form as required. This motion was also overruled. The court directed the jury to determine whether the notice was properly served upon the sheriff "as required by law." That, if the notice was received by the sheriff, they should proceed to consider the other matters in the case, but if not received by him they should find for the defendant. That if the notice was handed to the sheriff, and he took the same, that would be sufficient receiving of it, and that the return thereof, and receipt of the copy, would simply amount to a waiver of his right to the original. There was no instruction given with respect to the sufficiency of the notice. Appellant assigns these rulings and the giving of said instruction as errors, on the grounds that the notice was not verified by the claimant, does not state the consideration for which claimant acquired the property, and because the service thereof was by copy. Appellee contends that as these grounds of objection appear upon the face of the petition, and appellant did not object thereto, by demurrer or motion in arrest of judgment, he must be held to have waived said objections.

Chapter 45, Acts, Twentieth General Assembly, requires that notices of ownership of property held by

officers under attachment shall be in writing, under oath, and shall state that the property belongs to the claimant, the nature of his interest, the facts showing how he acquired such interest, and for what consideration. That appellee could not maintain this action without first giving appellant such notice is not questioned, nor is it questioned but that the petition showed upon its face by whom it was verified, that the consideration was not stated in the notice given, and that the service of that notice was by copy. Section 2650 of the Code is as follows: " When any of the matters enumerated as grounds of demurrer do not appear on the face of the petition, the objection may be taken by answer. If no such objection is taken, it shall be deemed waived. If the facts stated by the petition do not entitle the plaintiff to any relief whatever, advantage may be taken of it by motion in arrest of judgment before judgment is entered."

Without now determining whether the notice or service was sufficient, we inquire whether appellant waived these objections by failing to demur or move in arrest of judgment. The answer denies the service of notice, "in the manner and form prescribed by law," but the authority to object by answer is limited to cases where the grounds of objection do not appear upon the face of the petition. The inference is plain that the objection cannot be made by answer when the grounds do so appear. The provision, that, if no such objection is taken, it shall be deemed waived, surely means that if it be not taken by demurrer, when that is the proper mode, or by answer, when that is proper, it is waived. *McCormick v. Blossom*, 40 Iowa, 256; *Roop v. Seaton*, 4 G. Greene, 252; *Ryan v. Mullinix*, 45 Iowa, 631. By the denial in the answer these objections were not properly raised.

A motion for new trial is quite different from, and in no sense equivalent to, a motion in arrest of judgment. The purpose and effect of such motions are widely different. The motion for new trial, though based in part upon these alleged errors, cannot be considered

as equivalent to a motion in arrest of judgment. *Kirk v. Litterst*, 71 Iowa, 71. We have before us, then, a case wherein the objections made appear, upon the face of the petition, to be proper grounds of demurrer, and go to the plaintiff's right to maintain the action, yet they were not made by either demurrer or motion in arrest of judgment, as authorized by statute. The query remains whether thereby appellant waived these objections or either of them.

The rule, that objections not properly taken are deemed to be waived, is recognized in a number of the decisions of this court. In *Murphy v. Creighton*, 45 Iowa, 179, which was an action to recover back money paid by mistake, question was made whether mistake was alleged. The court says: "No objection was taken to the petition by motion, demurrer or in arrest of judgment, and we must hold that such objection was waived." *Great Western Printing Co. v. Tucker*, 73 Iowa, 755, was an action upon a settlement. Defendant pleaded a counterclaim accruing before the settlement, to which plaintiff replied. Question was made as to defendant's right to so plead. The court says: "The fact that he [plaintiff] took issue thereon, and went to trial without objection to the pleadings, and by a mere denial of the facts set up therein, leads to the conclusion that it was the purpose of the defendant to waive any objection to the pleading. At least this must be so in the absence of a motion in arrest of judgment." "Plaintiff" was evidently meant where the word "defendant" appears last above. See, also, *Veach v. Thompson*, 15 Iowa, 380; *Egleston v. Brassfield*, 38 Iowa, 698; *Draper v. Ellis*, 12 Iowa, 316; *Nollen v. Wisner*, 11 Iowa, 190; *Wimer v. Allbaugh*, 78 Iowa, 79; *Seymour v. Shea*, 62 Iowa, 708; *Smith v. Burlington, C. R. & N. Ry. Co.*, 59 Iowa, 73; *McKinley v. Chicago, R. I. & P. Ry. Co.*, 47 Iowa, 76; *Olson v. Neal*, 63 Iowa, 214; *Hanks v. North*, 58 Iowa, 396; *Melick v. First Nat. Bk. of Tama City*, 52 Iowa, 94.

We have seen that, under section 2650, when the objection is ground of demurrer, and appears upon the face of the petition, it may be taken by demurrer, and, if it does not so appear, that it may be taken by answer, and if it does not so appear by answer, and if the objection goes to plaintiff's right to any relief, it may be taken by motion in arrest of judgment. In *Seaton v. Hinneman*, 50 Iowa, 395, it was held that, where the petition showed upon its face that the plaintiffs were not entitled to maintain an action when the suit was commenced, and the proof introduced by plaintiff showed the same fact, it was competent for the court to instruct the jury that, under the evidence submitted, the plaintiff could not recover. *Smith v. Burlington, C. R. & N. Ry. Co.*, 59 Iowa, 73, was an action to recover for personal injuries sustained while in the employment of defendant. The petition alleged that plaintiff was employed as a section hand. There was no testimony tending to show the character of his employment, nor that it required him to assist, in any way, in the operation of the trains. The court instructed the jury that upon the pleadings and undisputed facts plaintiff was not entitled to recover. The question raised pertains to the rule of law, as recognized in that instruction, and this court held, that it was not shown that he was employed in the use and operation of the railroad. It was insisted on behalf of the plaintiff that defendant should have assailed the petition by demurrer, and his failure to do so waived the objection. This was held not correct because advantage could be taken by motion in arrest of judgment. It is added: "The court may, at the trial in such a case, direct the jury to find for defendant." It will be observed that in both these cases testimony was introduced without objections and the verdict directed upon the testimony. It was surely not intended by these cases to ingraft upon section 2650 an additional mode by which such objections may be taken. Our conclusion is that as the objections now urged appear upon the face of the petition, and as the defendant failed to

either demur or move in arrest of judgment, he must be deemed to have waived the objections. This conclusion renders it unnecessary that we further notice the other assignments of error based upon the insufficiency of the notice of ownership and the service thereof.

III. Theodore Linden, who acted as agent for appellee in the alleged purchase of the property in question, being examined as a witness for plaintiff, was asked upon cross-examination whether a Mr. Harker had told him before the purchase to look out for an attachment on the property, and that the property was or was about to be attached. The plaintiff objected to the question as immaterial, and as not being proper cross-examination. Appellant complains of the sustaining of this objection. The record fails to show any inquiries upon the examination in chief on this subject, and these questions were, therefore, not proper cross-examination. The same is true as to the further inquiries whether he got a bill of sale or not.

*3. EVIDENCE: cross-examination.*

IV. If there was any error in giving the instruction referred to above, in respect to the service of notice, it was in submitting that question to the jury, in view of appellant having waived objection to the service as alleged. The error, if it was error, was certainly without prejudice to appellant, as it permitted him to do that which he now claims the right to do, to-wit, to question the legality of the service. The instruction does not leave the jury to determine what was a sufficient service of the notice, but directs them to determine a question of fact, and to find the notice to have been properly served or not, as they may find that fact to be. We have examined the other instructions, the giving of which are assigned as error, and are of the opinion that they fully and fairly presented the issues of fraud to the jury. Our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED.

*4. PRACTICE: instruction.*