HAWKEYE LOAN AND BROKERAGE COMPANY, Appellant, v.
KATE GORDON.

Tax Sale:  MISDESCRIPTION:  *Redemption.*  When land owned by
   K. G. is taxed to M. K. G., and notice of expiration of time to
1  redeem is, pursuant to the statute, given only to tenants in pos-
   session and to M. K. G., to the latter by publication, no such
3  person being in the county at the time, the owner has not on
   this account any right to subsequently redeem.

Appeal:  TRIAL DE NOVO:  *Assignment on ruling on demurrer.*  The
   overruling of demurrer to cross petition may, on proper assign-
2  ment, be reviewed on appeal, where the case is there triable
   *de novo,* though the party pleaded over, and had a trial on the
   merits.

COST OF NEEDLESS ABSTRACT.  Appellant will be taxed with the cost
4  of her additional abstract, an unnecessary extension of the
   evidence being contained therein.

*Appeal from Linn District Court.*—HON. H. M. REMLEY.
Judge.

TUESDAY, FEBRUARY 4, 1902.

THIS action was brought to recover possession of real
estate.   An answer and cross petition were filed, setting up
an equitable defense and prayer for relief; whereupon, on
motion of the defendant, the cause was transferred to the
equity side of the docket, and tried as an equity case.   Judg-
ment was rendered for the defendant, and the plaintiff ap-
peals.—*Reversed.*

*J. A. Reed* for appellant.

*Clark & Clark* for appellee.

SHERWIN, J.—The defendant owned the premises in
controversy.   From 1894 to 1898, inclusive, they were
VOL. 115 IA—36

taxed to M. K. Gordon. In 1895 they were sold by the county treasurer for the county tax of 1894, then due and unpaid, and a deed was issued on the certificate of said sale in 1899. Tenants were in possession of the property when application was made therefor, and proper notice was served on them. Notice of expiration was duly published as to M. K. Gordon, but no notice was served on the defendant. No person by the name of M. K. Gordon lived in Linn county at the time of the publication of the notice in question, nor at the time the deed was taken; but the appellee contends that as she was the owner of the property, and then lived in Linn county, she was entitled to notice, and because none was served on her the tax deed is void, and she asks to redeem from the sale. There is no averment in the answer or cross petition that all taxes due upon the property have been paid by the defendant, as required by Section 1445 of the Code. The plaintiff demurred to the cross petition for this reason, the demurrer was overruled, an exception taken, and a reply filed. Error is assigned on the ruling on the demurrer. That the demurrer should have been sustained is entirely clear, but whether it was waived by filing a reply and preceeding with the trial is another question. If this were a law action, there could be no doubt as to the situation, for we have held it to be a waiver. *Frum v. Keeney*, 109 Iowa, 393. We there held that while chapter 96, Acts 25th General Assembly, applied where a demurrer was overruled, the party did not, by pleading over, waive his right to attack the pleading at any time in the progress of the case, but might raise the question again by motion in arrest of judgment or to direct a verdict; but we further held that if he failed to do one or the other he could not have the ruling reviewed here. The plaintiff could only raise the question it did by demurrer, because there was no cause of action pleaded. *Linden v. Green*, 81 Iowa, 365; *Dunn v. Wolf*, 81 Iowa, 688. And when the demurrer was overruled it

could do nothing further than to either stand thereon and permit judgment to go against it, or proceed with the trial on the merits.   In law cases we can only review the errors in the trial below, while in cases triable *de novo* here we may render final judgment.   If the pleadings do not present a cause of action or defense, and the question has been properly raised in the court below and a ruling had thereon, we think it may be reviewed by us upon proper assignment of error in equity cases, notwithstanding the fact that the party may have pleaded over and had a trial on the merits.   As bearing on this question, see *Hogueland v. Arts,* 113 Iowa, 634.

On the merits of the case there must be a reversal. The land was taxed to M. K. Gordon.   There was no such person in the county at the time the notice of expiration was served.   Kate Gordon, the owner of the land, was never known as or called M. K. Gordon.   The service by publication as to M. K. Gordon is in regular form, and the statute requires notice only to the parties in whose name the land is taxed and to those in possession thereof, and when the one to whom it is taxed is a nonresident of the county service may be made by publication. If the land is taxed in a wrong name by mistake, notice to the one to whom taxed is sufficient.   *Hillyer v. Farneman,* 65 Iowa, 227.   *Seymour v. Harrison,* 85 Iowa, 130; *Exchange National Bank v. Crooks,* 97 Iowa, 244.   If the notice had been personally served on the defendant, it may be that she could not complain because of being wrongly named therein.   But such is not this case.   The statute was followed literally here, and this was sufficient.

The motion to strike appellant's additional abstract is overrruled, but the cost thereof is taxed to the appellant, because it contains an unnecessary extension of the evidence.

The judgment is reversed, and the plaintiff's title is quited as prayed.—REVERSED.