THOMAS CALDWELL, Appellant, v. MRS. MARY DRUMMOND
and ROBERT A. DRUMMOND.

**Partition:** JUDGMENT ON THE PLEADINGS. Where an heir brought
1  suit to partition property, alleging that his ancestors occupied
the same continuously as their homestead up to the time of
their death, an admission of that fact by defendants without
other pleading would entitle plaintiff to judgment on the plead-
ings.

**Homesteads:** ORAL CONTRACT TO TRANSFER: STATUTE OF FRAUDS. An
2  oral contract for the transfer of a homestead, in consideration
that defendants shall move into the property and care for the
owners during their natural life, which is executed by defend-
ants, will entitle them to a decree quieting the title as against
an heir of the owners seeking partition of the property.

**Pleadings:** ADMISSION: WAIVER. Where a plaintiff fails to take
3  advantage of an admission in the answer which would entitle
him to judgment on the pleadings, but without objection pro-
ceeds to trial on issues presented by a cross petition and an-
swer thereto, he waives the admission and cannot contend on
appeal that such issue was not in the case.

*Appeal from Linn District Court.*—HON. H. M. REMLEY,
Judge.

WEDNESDAY, MARCH 15, 1905.

SUIT in equity for the partition of real estate. The
trial court found that the plaintiff had no interest in the
property, and he appeals.—*Affirmed.*

*Charles F. Clark* and *John A. Reed,* for appellant.

*J. M. Thompson* and *D. E. Voris,* for appellees.

SHERWIN; C. J.—John and Mary McCord during their
lifetime owned the property in controversy, which was their
homestead. Prior to some time in October, 1897, a daugh-

ter, Mrs. Driver, who is also plaintiff's mother, lived with them. In the last-named month Mrs. Driver died, and in April, 1899, the defendants moved into the property, and the McCords and the defendants occupied the premises until the death of the McCords. John died in May, 1900, and Mary in September, 1901. The defendant Mary J. Drummond is a daughter of John and Mary McCord, plaintiff is a grandson, and one William McCord is a son. These were and are the only heirs of the McCords. The defendant Mary J. Drummond purchased William McCord's interest in the property. The plaintiff claims that the property was the homestead of the McCords, and that upon their decease he became entitled to an undivided one-third thereof, having succeeded to the right of his mother. The defendants claim that they are entitled to the whole thereof, in virtue of an oral contract between them and the McCords entered into about the 8th day of October, 1897, whereby they were to leave their home in Chicago, come to Cedar Rapids, move into the property in controversy, and care for the McCords during the remainder of their lives, and, in consideration therefor, were to receive the property upon the death of the McCords; that they performed their part of the contract, and are entitled to have the title to the entire premises quieted in them.

It is necessary to a proper understanding of the case that the pleadings be noticed with more particularity. The petition alleges that the McCords occupied the premises as a homestead continuously for several years prior to the death of John McCord, and were so occupying them until the time of his death. In their answer proper the defendants admit that John McCord and Mary McCord occupied the premises as a homestead until the death of John McCord, in May, 1900, and this admission was never withdrawn, so far as the record shows. Had the purely defensive part of the pleadings been the end thereof, the plaintiff would have been entitled to a judgment

1. PARTITION; judgment on the pleadings.

thereon, for the defendants' admission left no issue as to the plaintiff's right to a partition, or as to his ownership of an interest in the land. *Burns v. C., Ft. M. & D. Ry. Co.,* 110 Iowa, 385; *Shipley v. Reasoner,* 80 Iowa, 555; *Comes v. C. M. & St. P. Ry. Co.,* 78 Iowa, 391; *Raridan v. Central Iowa Ry. Co.,* 69 Iowa, 527.

There was a cross-petition, however, in which the defendants pleaded the contract with the McCords, and alleged that they entered into possession of the premises thereunder

2. HOMESTEADS: oral contract to transfer; statute of frauds. on the 2d day of April, 1899, and continued therein to the time of pleading, and they asked that the title to the premises be quieted in them. There was an answer to the cross-petition, in which the plaintiff denied that the defendants had occupied the premises as a homestead until after the death of Mary McCord. The case was then tried on the theory that the cross-petition and answer thereto presented an issue as to the occupancy of the premises as a homestead by the McCords after the 2d of April, 1899, and much testimony on the subject was offered and received, without objection, and at the close of the testimony the plaintiff filed an amendment to his answer to the cross-petition, averring that he did so to present an additional defense and to make the pleadings conform to the proof, in which he alleged that the contract between the McCords and Drummonds was void for the reason that at the time it was made the premises were owned, used, and occupied as a homestead by the McCords, and were so used and occupied until the death of Mary McCord, and that there was no written instrument or contract executed by said McCords conveying or contracting to convey to the Drummonds an interest therein. In its decree the trial court found specially that the contract was entered into, and that the defendants took possession of the premises as alleged. The evidence clearly and satisfactorily shows that the contract was entered into and performed by the defendants, and that they took possession of the premises thereunder in April, 1899. This

being true, the defendants were entitled to the relief asked, as a matter of law. *Drake v. Painter,* 77 Iowa, 731; *Winkleman v. Winkleman,* 79 Iowa, 319.

The appellant contends, however, that there was no issue before the court on the question of homestead rights, because of the admission in the answer. It is now too late to take

3. PLEADINGS: admissions; waiver.

advantage of such admission, if it be conceded that it would under other circumstances be conclusive of the defendants' rights under their cross-petition. The cross-petition and the answer thereto, considered without reference to the other pleadings, did in fact present the precise issue tried and determined, and, as we have seen, the trial below proceeded as if no admission had been made. The appellant by his pleadings and by his actions clearly waived the admission; he made no request for a judgment on the pleadings, nor any objections to the introduction of the evidence relating to the issue he had tendered by his answer to the cross-petition, and thereby impliedly consented to try the issue raised by such pleadings, and he cannot now claim that such issue was not in fact presented by them. *Beach v. Wakefield,* 107 Iowa, 567; *Enix v. Iowa Central Ry. Co.,* 114 Iowa, 508; *Hawkeye L. & B. Co. v. Gordon,* 115 Iowa, 561; *Bank v. Boesch & Sons,* 90 Iowa, 47; *Linden v. Green,* 81 Iowa, 365; *Mitchell v. Joyce,* 76 Iowa, 449; *Reed v. City of Muscatine,* 104 Iowa, 183. We think the judgment right, and it is *affirmed.*