## LORD v. ELLIS.

</div>

<div align="right">9   301<br>114   7</div>

1. PRESUMPTION IN FAVOR OF JUDGMENT BELOW. When the ruling below was upon the sufficiency of an original notice, which does not appear in the record, the ruling will not be reversed.
2. BOOKS OF ACCOUNT. Books of account not admissible in evidence under the statute, may be introduced on proving their correctness.
3. ASSUMPTION. The appellate court will not assume that the court below permitted a party to introduce his books to sustain a claim that has been settled.
4. SET-OFF: WHEN PLEADED. A set-off must be pleaded at the time the

answer is filed. A set-off not then pleaded, can not be proved on the trial.

*Appeal from the Hardin District Court.*

THURSDAY, OCTOBER 13.

The material facts are fully stated in the opinion.

*E. W. Eastman*, for the appellant.

No appearance for the appellee.

STOCKTON J.—In a suit before a justice of the peace, the plaintiff recovered judgment against the defendant, Ellis, for the sum of fifty-seven dollars and ninety cents, for money due on a book account. On a writ of error to the District Court, the defendant assigned for error, *First*, The refusal of the court to grant an adjournment of the cause at the request of defendant. *Second*, The overruling defendant's motion to nonsuit the plaintiff. *Third*, The allowing the plaintiff to introduce his book of original entries to prove his account. *Fourth*, In refusing leave to defendant to introduce his book of original entries. On the hearing in the District Court, the errors assigned were sustained, the judgment of the justice reversed, and the cause remanded for a new trial. From this judgment the plaintiff, Lord, appeals.

The only return that appears to the writ of error, is a certified transcript of the proceedings in the cause on the trial before the justice, and taken from his docket. It does not appear from the return that the defendant made any application to the justice to adjourn the trial of the cause. The defendant moved for a nonsuit for the alleged insufficiency of the copy of the original notice. The motion was overruled by the justice. Neither the original notice nor the copy is embodied in the record sent up by the justice, and it is impossible for us, as it was for the District Court, to say that the justice erred in overruling the motion.

The transcript of the justice shows that the plaintiff was

allowed to give in evidence this book of original entries, upon proving their correctness. There was no error in this. He is allowed by the statute to give the same in evidence, on making certain preliminary proof, where they contain charges made by one party against another in the ordinary course of business. Assuming that the plaintiff was not entitled to give his book of accounts in evidence under the statute, he was certainly entitled to give them in evidence, on "proving their correctness." We cannot assume that the justice permitted the plaintiff to introduce his book to prove an account that had been settled. There is nothing in the record to justify the assumption made by defendant. The defendant offered to introduce his book of original entries as a set-off to the plaintiff's claim. The plaintiff objected to the same coming in at that stage of the proceedings. The objection was sustained. The transcript of the justice does not show what defence was made to the action. If a set-off was pleaded, it was required to be made at the time the answer was put in. Code, section 2825. To enable the defendant to prove a set-off to the action, it was necessary that the set-off should be pleaded. This appears not to have been done. If it was pleaded, and the transcript of the justice failed to show the fact, it was incumbent on the defendant to apply to the court to have the justice amend his return. Until this was done, the court could not say that the justice erred in refusing the defendant permission to prove his set-off.

Wherefore we are of opinion that the District Court erred in reversing the judgment of the justice. The judgment of the District Court is reversed, and the cause remanded with direction to affirm the judgment of the justice.

Judgment reversed.