# SUPREME COURT.

## MALLORY agt. MYRON H. CLARK.

A *trustee*, though described as such, cannot *confess* an ordinary *judgment* so as to bind the trust estate. Where the *trust estate* is to be made liable for a debt created by a trustee, it must be reached by a special proceeding and judgment in equity, making or declaring the trust estate liable, or directing or authorizing it, or part of it, to be sold, for the purpose of discharging the claim.

Where the court, in granting an order to change trustees, directed that the new trustee confess a judgment to the former trustee to secure advances made by him for the trust estate,

*Held*, that this part of the order should be *amended* by directing the acting trustee to pay to the former trustee the balance due him, with interest, as soon as the acting trustee should receive from the trust estate sufficient funds therefor.

*New York Special Term, December,* 1859.

MOTION to set aside judgment on confession and execution against a trustee.

INGRAHAM, Justice. The plaintiff was duly appointed trustee of a certain estate belonging to Sarah C. Cowles and others, and while such trustee, became creditor of the trust estate for moneys advanced by him, and for services rendered as such trustee.

Afterwards, on the application of the *cestui que trusts*, and with the consent of the plaintiff, an application was made to change the trustee, and an order was made by a justice of this court discharging the plaintiff as trustee, and appointing Myron H. Clark as such trustee. In this order it was further directed that the trustee should confess a judgment to the plaintiff for the amount which he claimed to be due to him for moneys advanced and services rendered in the discharge of his duties as such trustee.

Under this order Clark, as trustee, confessed a judgment in favor of Mallory, for the moneys so claimed by him, and an execution has been issued upon such judgment, and the same levied upon the personal property of the trust estate.

A motion is now made to set aside the judgment and the execution issued thereon.

Some of the *cestui que trusts* are infants, and did not consent to this proceeding.

The order directing that a judgment by confession for such a claim, be made by a trustee of an estate, is an unusual one, and notwithstanding such order, I am at loss to see in what manner the trust estate can be made liable in an execution issued thereon.

The judgment is against Myron H. Clark, described as trustee of Sarah E. Cowles and others, and it is adjudged that the plaintiff recover against the defendant the plaintiff's claim. It is an ordinary judgment against the defendant not making or declaring the trust estate liable, or directing or authorizing any part of it to be sold for the purpose of discharging the claim. An execution issued upon such a judgment cannot be levied upon the trust estate, more especially so where a part of it belongs to infants. If the trust estate is to be made liable for a debt created by a trustee, it must be reached by a special proceeding and judgment, and not by an ordinary judgment entered against the trustee, even though described as such.

An action at law could never be maintained to reach the trust estate, by making the trustee the defendant, but for such a purpose a suit must be had, or a proceeding in equity. The union of the remedies at law and in equity, in the same tribunal under the Code, has not removed the necessity of the same course of proceeding to reach a trust estate, and there is no more authority to sell the trust estate in an action for money brought against the trustee, now, than there was before the adoption of the Code.

Upon consultation with the justice by whom the order was made, I am informed that his attention was not particularly called to that provision in the order, and he concurs with me in the opinion that the judgment ought not to be enforced, but that the order should be amended so as to protect the trustees as well as the *cestui que trusts*.

It is said that the judgment was entered by an order of

the court, and, therefore, cannot be set aside, except by an appeal from that order, and its reversal. It must be remembered that when that order was made there was no action pending. It was a mere order, made in a proceeding for the appointment of a trustee, and the direction to the trustee afterward to confess a judgment, cannot make that judgment, thereafter confessed, valid, if, without such an order, it would have been a nullity. Whatever amount was due to the trustee should have been paid to him, and for that amount he had a lien on the trust estate in his hands, which he had a right to insist upon the payment of before parting with the estate. That lien could have been preserved, by directing the new trustee, in the order appointing him, to pay such moneys due to the former trustee out of the first receipts from the trust estate. I do not deem it necessary, or proper, to set aside this judgment on this motion until such a provision is made by an amendment of the order referred to. The judgment confessed by the trustee can be of no use in collecting the claims of the former trustee. But before the same is set aside, the order appointing the new trustee should be amended so as to provide for the payment of whatever balance is due to the plaintiff.

I find, on examining those proceedings, it is not stated that the infants were represented, or in any wise had a part in settling the amount due to the trustee. Mr. Chatfield, as guardian of the infants, had notice of the proceedings for the change of trustee; but the settlement of the accounts of the plaintiff was not made before the referee named, but appears to have been made by the trustee and some of the parties in interest, who were of age.

If this be so, the account should be adjusted before the referee, and after the balance is ascertained, the former order should be amended so as to direct the trustee therein named to pay to the plaintiff the balance due him, with the

interest, as soon as the said trustee shall receive from the trust estate sufficient funds therefor.

This amendment appears to me to be necessary for the plaintiff's protection, before the judgment is set aside; and the motion is only granted upon the condition that an application shall forthwith be made for the adjustment of the plaintiff's accounts, and for the payment thereof by the new trustee in the manner indicated.

Unless proceedings for such purposes are taken within thirty days the motion is denied.

Proceedings on the execution in the meantime stayed.