JOSEPH R. HUNTT, REUBEN S. IVES, and others, *vs.* JEREMIAH TOWNSHEND, use of PRISCILLA ANN TOWNSHEND, and others.

*The provisions of a Deed of Trust, the Rule of conduct for the Trustees.*

Where a deed of trust particularly prescribes the circumstances under which the trust property may be mortgaged or sold, the trustees are not at liberty to dispose of it under any other circumstances, or in a manner different from that prescribed.

Such trustees have no power to confess a judgment binding the trust property, and creating a lien under which it may be sold, and thus deprive the parties for whose use it was designed, of all benefit therefrom.

Such a proceeding would be a breach of trust, and the judgment would not be a lien upon the trust property—it would only bind the individual property of the parties who confessed it.

The provisions and conditions of a deed of trust make the law, by which the conduct of the trustees, in the management and disposition of the trust property must be regulated and controlled. Trustees accepting a trust upon the terms and conditions of the deed creating it, have no power to alter, change, or dispense with those terms or conditions.

APPEAL from the Circuit Court for Prince George's County, sitting in Equity.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*A. B. Hagner* and *A. Randall*, for the appellants.

*A. W. Wilson* and *Attorney-General Jones*, for the appellees.

GRASON, J., delivered the opinion of the Court.

This appeal is taken from a decree of the Circuit Court for Prince George's County, sitting in equity, by which the injunction was dissolved and the bill of complaint was dismissed. The injunction had been granted to enjoin the further execution of a judgment at law, confessed in the Circuit Court for Prince George's County, in favor of the plaintiff therein, the present appellee, by James H. Griffin, Thomas T. Munroe and William B. Townshend, who are described in the judgment as "survivors and successors of John H. Munroe, Presley N. Athey, Joseph R. Huntt and Jeremiah Townshend, Trustees of McKendree Church, of the Methodist Episcopal Church of the United States of America."

The execution had been levied upon the church and the lot upon which it stood.

The record presents several questions, which we do not consider it necessary to decide, and among those is the question, who are the rightful and lawful trustees of the

said Church? We shall consider but two points: first, have the complainants the right to maintain this suit, and second, is the judgment confessed by the parties thereto, binding upon McKendree Church? The bill in this case was filed by the appellants, representing themselves to be trustees and members of McKendree Church; and it sufficiently appears in the bill that they sue for themselves, as well as for other members of said Church, "using it and worshipping therein." Joseph R. Huntt, one of the complainants, is the only survivor of the original trustees appointed by the deed, and to whom the property, taken in execution, was conveyed. There can be no doubt, therefore, that the bill shows such an interest in the complainants and the others, in whose behalf they also sue, in the property levied upon, as to entitle them to prosecute this suit.

The provisions and conditions of the deed of trust make the law, by which the conduct of the trustees, in the management and disposition of the trust property must be regulated and controlled. Trustees acccepting the trust upon the terms and conditions of the deed creating the trust, have no power to alter, change, or dispense with those terms and conditions. *Dolan & Foy vs. Mayor and City Council of Baltimore,* 4 *Gill,* 405, 406. The deed of trust by which this property was conveyed to the trustees therein named, provides " that if the said trustees, or any of them or their successors, have advanced, or shall advance any sum or sums of money, or are, or shall be responsible for any sum or sums of money on account of said premises, and they, the said trustees or their successors, be obliged to pay the said sum or sums of money, they, or a majority of them, shall be authorized to raise the said sum or sums of money by mortgage on the said premises, or by selling the said premises, after notice given by the pastor or preacher, having the oversight of the congregation attending divine service on said premises,

if the money due be not paid to said trustees or their successors within one year after such notice is given." The deed then goes on to provide what disposition shall be made of the balance of the purchase-money after the debts, for the payment of which the sale has been made, shall have been satisfied. The deed having thus minutely and particularly prescribed the circumstances under which, and the manner in which, the trustees should have authority to sell the trust property, they have no power nor authority to dispose of it under any other circumstances or in any other manner. If the trustees cannot mortgage the trust property under any other circumstances than those prescribed in the deed of trust, and are prohibited from selling except in strict accordance with the terms of the deed, have they nevertheless the power voluntarily to go into court and confess a judgment binding upon the property, thus creating by their own voluntary act, a lien upon it, under which it may be sold and those for whose use it was designed, be deprived of all benefit of it? Such a proceeding is a breach of trust, and a judgment so confessed, is not a lien upon the trust property, which cannot be levied upon or sold under an execution issued upon it. Such a judgment can only bind the individual property of the parties who confess it. The injunction ought not, therefore, to have been dissolved, but ought to have been made perpetual.

The decree of the Court below must, therefore, be reversed and the cause remanded, so that a decree may be passed in accordance with this opinion.

*Decree reversed and cause remanded.*

(Decided 2d July, 1869.)

STEWART, J., dissented.