## City Court.

*Special Term—May,* 1886.

## FRAZIER *against* TOWN, AS TRUSTEE.

When judgments against trustees become liens on the real estate of the
*cestui que trust,* considered.

McADAM, Ch. J.—The judgment herein was entered
May 3, 1886, against Charles H. Town, trustee, &c., on

Frazier *v.* Town.

an obligation made by him in 1882, while he was trustee of certain real estate under a marriage settlement in which Anna S. Stagg (afterward Foster) was the beneficiary. In June, 1883, Town resigned, and Theodore M. Roche was appointed trustee in his place. Roche now moves for leave to come in and be made a party, that he may defend the action, founding his right upon the erroneous assumption that the judgment is a lien upon, and enforceable against, the trust estate. If the trust property is to be made liable for a debt created by the trustee, it must be by a special proceeding or decree, and not by an ordinary judgment entered against the trustee, even though described as such in the record.

There is no more authority now to sell the trust estate in an ordinary action for money brought against the trustee than there was before the adoption of the Code (Mallory *v.* Clark, 20 *How. Pr.* 418 ; and see Hunt *v.* Townsend, 31 *Md.* 336 ; 4 *J. J. Marsh.* 599 ; 2 *Black*, 208 ; 6 *Barr*, 296). Beside, Town did not hold any title whatever to the trust estate when the judgment was recovered, and has no trust property in his hands on which an execution can be levied (*Code*, § 1371). He seems to be content with the judgment, for he swears that there is no defense to the claim on which it was recovered, and that it ought to be paid. If he will not litigate I see no reason why the new trustee, and the *cestui que trust*, who cannot be affected by the judgment as it stands now, should be brought in and allowed to litigate on his behalf. When the plaintiff seeks by appropriate proceedings to enforce the judgment as an equitable charge against the trust property, the *cestui que trust* and the new trustee will have their day in court, and will be entitled to be heard in opposition, and may present any defense they may have. In the meantime they need no relief or protection.

The application will be denied, without costs, and to save any possible question, the denial will be with

leave to renew on proving that the relief applied for is necessary to protect the estate from the operation or effect of the judgment (*Code*, § 452).