## DRAKE v. PAINTER *et al.*

1. **Contract**: PARTY : HUSBAND AND WIFE : EVIDENCE. Plaintiff, a married woman, under an oral contract which she alleged she made with her mother and her mother's husband, took possession of and resided in the mother's house, and maintained the mother and mother's husband therein during the mother's life, in consideration of having the property on her death. The mother's husband lived with her and was provided for and supported by plaintiff. *Held* that he must be regarded as a party to the contract, though he testified that he did not know of or concur in it.

2. **Evidence**: ORAL CONTRACT WITH ONE DECEASED. One who is in the possession of real estate and claims to own it under an oral contract with a former owner, since deceased, may testify to the oral contract under which he claims, as against one who is seeking to subject it to the satisfaction of a judgment against an heir of the decedent. The judgment creditor in such a case is not one of the persons against whom section 3639 of the Code forbids such testimony.

3. **Homestead**: ALIENATION : ORAL CONTRACT CONSUMMATED BY ABANDONMENT. Plaintiff, a married woman, after having furnished her mother's house, under an oral contract with her mother and her mother's husband, took possession of it with her family, and thereafter supported her mother and her mother's husband therein, in consideration of the property becoming hers at her mother's death. It had been the mother's homestead. *Held* that when plaintiff took possession it became her homestead,—the mother and her husband abandoning it in consummation of the contract,—and that the performance by plaintiff of her oral contract gave to her the right and equity to the property, notwithstanding section 1990 of the Code, requiring the husband and wife to concur in and sign the same joint instrument in order to convey their homestead.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, MAY 28, 1889.

ACTION in chancery to restrain and enjoin the sheriff and a judgment plaintiff from offering for sale, upon an execution, a certain house and lot, and to

declare the property exempt from the lien of the judgment upon which the execution was issued. The relief prayed for was granted by the decree. Defendants appeal.

*L. G. Bannister* and *Baylies & Baylies*, for appellants.

*Chas. A. Bishop*, for appellee.

BECK, J.—I. The petition alleges that plaintiff is the owner in fee of a house and lot in the city of Des Moines, which she acquired under an oral agreement with Letitia Tisdale and Dennison Tisdale, her mother, and the husband of her mother, under which she took and held possession of the property; that Letitia left, with other heirs, W. J. Vinnedge, a son, against whom the judgment was rendered which is sought to be enjoined in this case. It is claimed to bind an interest in the property which W. J. Vinnedge holds as an heir of Letitia. The answer alleges that Letitia, the mother of plaintiff and W. J. Vinnedge, was a married woman, and with her husband occupied the property in question as a homestead, and joined in no written instrument conveying it, which alone, under the statute, is sufficient to pass title to the homestead; that the property descended to W. J. Vinnedge and other heirs at law, and that defendants seek to enforce the judgment against him by the sale of his interest in the property.

The evidence establishes the following facts: Plaintiff is the daughter of Letitia Tisdale, who was the wife of Dennison Tisdale, and the mother of W. J. Vinnedge. The mother and her husband were in the occupancy of the property as a homestead. The mother, who, from age and infirmities, was burdened with the discharge of domestic duties, proposed to plaintiff and her husband that they should take the homestead, and occupy it, giving the mother and her husband a living and support in the daughter's family, and that the plaintiff

1. CONTRACT: party: husband and wife: evidence.

should thus acquire the title to the property. The husband assented to this contract, and became a party to it. Thereupon plaintiff and her husband went into possession of the property, and fully performed their contract to supply a living and support to the mother and her husband. The plaintiff owned all of the household furniture in the house at the time of the arrangement. Having before furnished the house, it continued to be her property. None of these facts are disputed, except that the husband of plaintiff's mother denies that he knew of or concurred in the contract between his wife and plaintiff. But he does not deny that he lived with his wife, and was provided for and supported by plaintiff. We think the evidence establishes that he was a party to the contract, and did assent to it, and take the benefits under it.

II. Plaintiff and her husband, against defendants' objection, were permitted to testify to the making of the oral contract between plaintiff and her mother. Defendants insist that this evidence is not competent, under Code, section 3639, which is in this language: "No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person, at the commencement of such examination, deceased, insane or lunatic; against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or guardian of such insane person or lunatic. But this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or guardian shall be examined on his own behalf, or as to which the testimony of such deceased or insane person or lunatic shall be given in evidence."

*2. EVIDENCE: oral contract with one deceased.*

It will be readily seen that under this statute plaintiff and her husband, who are claiming under an oral contract between them and the mother now deceased, cannot testify in support of the contract in an action against "the executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor" of the mother. Is plaintiff's action against any of these persons? We think not. It is plain that the defendants cannot be designated or described as being any one of these persons. It may be said that the creditor, attempting in this case to enforce his judgment, is setting up and attempting to enforce his debtor's interest in the estate. But there is no privity of blood or contract between him and his debtor. Their interests are adversary. It is true that the debtor ought to aid the creditor in enforcing his judgment. At least, he ought not to resist the creditor in his efforts in that direction. But the debtor is neither bound in law nor morals to aid or not to resist the creditor's efforts to enforce his judgment against property not owned by the debtor. It is therefore readily understood that the statute is for the aid and protection of the estate, heirs, etc.,—persons named in the section,—the privies of the deceased person, and not strangers who are attempting to resist the enforcement of contracts made by the deceased. The judgment debtor in this case does not ask the protection of the statute. Indeed, he has nothing to protect, so far as the lot in question is concerned. He testifies to facts showing that it is not his property. Surely, the statute will not be so wrested as to operate, as an instrument of wrong, to rob plaintiff of her property, when it was designed to protect the privies of her deceased mother, none of whom are demanding protection under it or are parties to this action.

III. Counsel for defendants insist that, conceding the oral contract as it is claimed by plaintiff, it does not convey or affect the property, for the reason that it was at the time the homestead of the parties. They base their position upon Code, section 1990, which provides that "a

3. **HOMESTEAD**: alienation: oral contract consummated by abandonment.

conveyance or encumbrance [of a homestead] by the owner is of no validity, unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." This provision affects no transactions other than those pertaining to homesteads. Was the lot in question the homestead of the mother and her husband? It will be remembered that the mother and her husband were occupying the house as their homestead. The furniture was owned by plaintiff. The plaintiff and the mother, with her husband, entered into the oral contract for the transfer of the lot, which was only completed and made valid and binding by plaintiff's entering into the possession of the property, which she did, and became the occupant, with her husband, of the house. After this occupancy, whose homestead was it? Clearly, plaintiff's. She and her husband were the united head of the family. It was their house and their homestead. It was not the mother's homestead, unless it be held that two families, one boarding and supporting the other, both hold the one homestead. But they cannot so hold, for the property became plaintiff's homestead, and her rights thereto would be defeated by recognizing a homestead interest in another. When did the property become plaintiff's homestead? Upon its occupancy by her. The act—occupancy—which made it plaintiff's homestead terminated her mother's homestead rights. It is clear that, as the act of occupancy was the consummation of the contract between plaintiff and her mother, the mother at the time abandoned her homestead in the lots. This is so for the reason that the mother's occupancy as a homestead ceased before plaintiff's began, for, as we have seen, the two could not have occupied independently as holders of different homestead rights. Thereupon, when plaintiff's contract was consummated, her mother had abandoned the homestead; it was her homestead no longer. It was then competent for her and her husband to contract by parol, jointly or separately, for the disposition of the homestead. We conclude, therefore, that plaintiff's oral contract with her mother and mother's husband is

valid, and passed to plaintiff the right and equity to the property; and that, as W. J. Vinnedge, the defendant in execution, has no interest therein, it is not subject to defendant's judgment and execution. These considerations dispose of the case. The judgment of the district court is                                              AFFIRMED.