## SARAH A. BUCKNELL v. WILLIAM DEERING, *et al.*, Appellants.

**Delivery of Deed:** MISTAKE OF GRANTEE: *Intention to deliver.* Where a wife paid the entire consideration for lands, and the grantor thereupon delivered to her a deed, expressly saying that he intended to make the conveyance to her, the fact that by a mistake of the scrivener her husband's name was inserted in the deed as grantee, who quit-claimed the premises to his wife as soon as the mistake was discovered, vested no interest in the husband to which the lien of a judgment could attach during his nominal ownership; this would be so if no mistake had occurred and grantor had simply changed intentions as to grantees after the deed was drawn and before it was delivered.

**Personal Transactions:** CONSTRUCTION OF STATUTE. Code, section 3639, which makes evidence as to personal transactions with decedents, incompetent in certain actions, does not apply to the actions by judgment creditors of the grantee of a deceased person, brought to enforce the judgment against the land deeded by said decedent.

**Deed as Mortgage:** WAIVER OF SECURITY. Where one to whom a deed has been given as security for a debt, delivers a deed of re-conveyance, he thereby waives his security for any balance remaining then unpaid.

**Appeal:** NEEDLESS TRANSCRIPT: *Costs.* Where the appellant files a transcript of the record, not required by the denials of the appellee, and, therefore, unnecessary, its cost should be taxed to the appellee.

*Appeal from Floyd District Court.*—HON. JOHN C. SHERWIN, Judge.

MONDAY, OCTOBER 26, 1896.

PROCEEDING in equity to restrain an execution sale of real estate, to quiet in the plaintiff the title thereto, and for general equitable relief. There was a hearing on the merits, and a decree in favor of the plaintiff. The defendants, William Deering and Robert Lindon, sheriff, appeal.—*Affirmed.*

*Lewis C. Spooner* and *E. P. Andrews* for appellants.

*Boulton & Brown* for appellee.

ROBINSON, J.—The plaintiff claims to be the absolute and unqualified owner of the north half of the southwest quarter of section 5, in township 94 north, of range 16 west, in Floyd county. The defendant William Deering holds a judgment against her husband, Thomas Bucknell, and has caused an execution to be issued thereon, and placed in the hands of the defendant Robert Lindon as sheriff, for service. These defendants claim that Thomas Bucknell has had an interest in the land upon which the judgment is a lien, and they ask that it be enforced against the land. The plaintiff purchased the land in the year 1872. In January, 1876, she and her husband executed to James Bucknell, the father of her husband, an instrument which was in form an absolute conveyance of the land, with covenants of warranty. In February, 1887, James Bucknell and his wife signed and acknowledged an instrument in writing which was in terms a warranty deed for the land, and purported to convey it to the husband of the plaintiff. On the first day of June, 1887, William Deering recovered in the Floyd district court a judgment against the husband for the sum of three hundred and forty-eight dollars and eighty-two cents, and attorney's fees and costs. That is the judgment in question. In March, 1892,

the husband executed to the plaintiff a warranty deed
for the land.   If the deed from James Bucknell vested
in Thomas an interest in the land paramount to the
rights of plaintiff, the judgment in favor of Deering is
a lien upon it which the conveyance from Thomas
Bucknell did not divest.   It is claimed, however, that
the conveyance to James Bucknell by the plaintiff,
was a mortgage intended to secure him for the
amount of an incumbrance on the land which he
agreed to pay and did pay; that the amount he paid
was refunded to him, and that his deed to his son was
intended to be a re-conveyance of the land which
should have been made to the plaintiff; that the deed
was delivered to her, but that she did not examine it,
and did not know that her husband was the grantee
named therein until after the death of James Buck-
nell, which occurred in May, 1891; that, when she dis-
covered the mistake, her husband executed to her his
deed to perfect her title.

A portion of the testimony of the plaintiff in
regard to the agreement under which the deed of the
plaintiff to James Bucknell was executed, is objected
to as incompetent under section 3639 of the
Code.   The objection falls within the rule
announced in *Drake v. Painter*, 77 Iowa, 733
(42 N. W. Rep. 526), and is not well founded.   It is
fully shown that the plaintiff purchased the land in
the year 1872, as already stated, and that she and her
husband have resided upon it continuously
since.   On the twenty-third day of November,
1875, a judgment was rendered in foreclosure
proceedings against the plaintiff and her husband, and
against the grantors of the plaintiff, for the sum of
one thousand and five dollars and twelve cents, and
attorney's fees and costs, which was a lien on the
land.   In order to secure the payment of that incum-
brance, the plaintiff conveyed the land to James

Bucknell, on his agreement to pay the incumbrance and convey the land back to her when he should be reimbursed for the money he should pay. This is clearly shown by the testimony of the plaintiff, her ·husband, and three disinterested witnesses. James Bucknell stated to one of the witnesses, at a time when he paid seven hundred and fifty dollars on the judgment he had assumed, that his son, Tommy, was careless in money matters, and that he intended to pay the judgment, and take a deed for the premises, and convey them to the plaintiff after the money was paid. He made it clear that the plaintiff was to have the premises when he should be paid for the sums he applied on the judgment, and she and her husband were present at the time. The testimony of the plaintiff shows that she paid to James Bucknell, on account of the money which he paid, sums which amounted in the aggregate to nine hundred dollars. The deed from him was not delivered to Thomas, the nominal grantee, but to the plaintiff, in the latter part of the year 1890. When it was signed and acknowledged, James Bucknell was eighty-seven years of age, and very sick, unable to turn himself in bed, and not expected to recover. The deed was drawn by a notary public. He testifies that he was consulted by James Bucknell in regard to a division of his property before his death, among his heirs, and was advised to make a division by deed, and that when he signed the conveyance to Thomas he stated that it was to give Thomas his share in the estate. This testimony is much weakened by the cross-examination of the witness. The land was not owned by the father, and he had at most but a small interest in it; and we are satisfied that, whatever his intentions may have been at one time, he did not deliver the deed as a means of giving a share of his estate to Thomas.

It is claimed that James Bucknell paid one thousand three hundred and fifty four dollars and forty cents to satisfy the judgment which he agreed to pay, and it is insisted that he had interest in the land to secure the payment of the sum by which that amount exceeds the amount paid him by the plaintiff, and that his deed to his son was effectual to convey that interest, and that by the conveyance it became subject to the lien of the judgment in question. The answer to this claim is that, although the name of the son was inserted in the deed as grantee, it was never delivered to him, but to the plaintiff, and was so delivered for the purpose of vesting the title to the land in her. When James Bucknell delivered the deed he said to her, "Here Sadie; here is your deed." And when she took it, he said, "Now, take care of this deed. Keep up your taxes, and you will always have a home." He had talked to her about the deed previously, and had always said he intended to convey the land to her. If there was an unpaid balance due him, he waived his security for it by delivering the deed. We are satisfied that he did not intend to convey the land to his son at that time, and it is really immaterial whether the name of his son was inserted in the deed by mistake, or whether he changed his intention after it was drawn, but before it was delivered, so long as it was delivered to the plaintiff with the intent to convey to her the title to the land. The district court adjudged that the defendants had no interest in the land, and enjoined them from further attempting to enforce the judgment in favor of Deering against it. The decree appears to us to be fully warranted by the evidence.

II. The appellants have filed in this court a transcript of the record, and ask that the cost thereof be taxed to the appellee, on the ground that it was made necessary by unfounded denials contained in additional

abstracts filed by her. We have examined the question thus presented, and conclude that the transcript filed was not required by the denials of the appellee, that it was unnecessary, and that its cost should not be taxed to her. The motion is, therefore, overruled. The decree of the district court is AFFIRMED.