OF

## THE STATE OF IOWA

AT

## DES MOINES, MAY TERM, A. D. 1901.

AND IN THE FIFTY-FIFTH YEAR OF THE STATE.

---

ZION CHURCH OF THE EVANGELICAL ASSOCIATION OF NORTH AMERICA IN CHARLES CITY, IOWA, AND THE TRUSTEES THEREOF AND THE IOWA CONFERENCE OF THE SAID ASSOCIATION, Appellees, v. J. W. PARKER, Sheriff of Floyd County, Iowa; JOHN KUCK AND WILLIAM BRANDAU, Appellants.

Trusts: INJUNCTION TO RESTRAIN SALE OF TRUST PROPERTY: *Parties.* An action to enjoin the sale of trust property under an execution may be brought by the trustee of the same without joining the beneficiaries.

TRUST DEED FOR CHURCH PURPOSES: *Validity.* Property was deeded in trust to the trustees of the Zion Church of the Evangelical Association of North America at a certain place, to be held for the ministry and members of such association, not for the members of the corporation itself, except as they may belong to such association. *Held,* that such trust was valid.  .

NOTE—The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

SALE OF TRUST PROPERTY: *Purchaser affected with notice of powers of trustee.* A party dealing with trustees of an expressed trust knowing them to be such, is bound, at his peril to know the extent of their powers.

*Sale of trust property mortgaged by trustee.* Property was conveyed to the trustees of the Zion Church of the Evangelical Association of North America at a certain place in trust to be maintained as a place of worship by the ministry and membership of such association. and as a place of residence of the preachers of such association who might be stationed at such place, with power to convey the same subject to the discipline and usages of that association, as declared by the general conference of such association and the annual conference within whose bounds the said premises were situated; the trustees to have the management of the property, subject to the provisions of the discipline and the annual conference. *Held,* that such property could not be sold on execution issued on a judgment against the church in a proceeding foreclosing a mortgage on such property given by the local trustees.

**Adjudication:** ASSIGNEE OF MORTGAGE. A decree in a mortgage foreclosure suit adjudging that the trustee of the property mortgaged had no authority to encumber the same, and declaring the mortgage thereon void, which was not appealed from, is conclusive on the assignees of the mortgage, in a subsequent action to sell the property under an execution issued on a judgment for the mortgagee on the notes.

**Pleading:** AFFIRMATIVE DEFENSES: *Counter relief.* The pleading of an affirmative defense is not sufficient to authorize counter relief, since in such case the facts must be specially pleaded.

**Review on Appeal:** OBJECTION BELOW: *Defect of parties.* An objection on the ground of defect of parties will not be considered for the first time an appeal.

SAME: *Defective petition.* Where a defect appears on the face of the petition, and no objection is taken thereto on the trial, it will be deemed to have been waived, on appeal.

QUESTION NOT RAISED IN PLEADINGS: *Trial de novo.* A question not raised by the pleadings in the trial court will not be determined on appeal on a trial *de novo.*

DEFECTIVE PLEADING OF APPELLANT. A cause will not be reversed on appeal on the ground that appellant failed to file proper pleadings in the trial court.

*Appeal from Floyd District Court.*—HON. J. F. CLYDE, Judge.

TUESDAY, MAY 14, 1901.

SUIT in equity to enjoin the sale of certain church property under an execution issued on a judgment in favor of S. F. Farnham and against the Zion Church, which judgment was assigned to defendants Kuck and Brandau. The trial court granted the relief prayed, and defendants appeal. —*Affirmed.*

*Robert Eggert* and *A. F. Reichmann* for appellants.

*Read & Read* and *E. B. Esher* for appellees.

DEEMER, J.—The Zion Church of Charles City is a mission church of the Iowa conference of the Evangelical Association of America, annexed to the Dubuque district, deriving support from and dependent on the conference. It was established in the year 1888 by the members of the local society, with the consent and approval of the conference. Plans for a church building were laid before the trustees of the conference, and they agreed to pay the local society $500, on condition that the said local society place no mortgage on the property, or incur no debt in its construction. The local society immediately proceeded to incorporate and to purchase real estate, to solicit subscriptions, and to construct a church on plans approved by the conference. By the articles of incorporation, "all conveyances of property to this association shall be deeded in trust that said property shall be used, kept, and maintained and disposed of for the use and benefit of the ministry and membership of the Evangelical Association of North America. Any real estate of said association held in trust for said Evangelical Association shall be sold and conveyed to the said trustees in the corporate name thereof, when authorized to do so by the annual conference in whose bounds the real estate is situated." The deed conveying the real estate was to "the trustees of the Zion Church of the Evan-

gelical Association of North America in Charles City, Iowa," in trust, to be kept, used, and maintained as a place of Divine worship by the ministry and membership of the Evangelical Association of North America, and as a place of residence of the preachers of the Evangelical Association of North America who may from time to time be stationed at said place, with the power to dispose of and convey the same, subject to the discipline and usages of the said association, as from time to time authorized and declared by the general conference of the said association, and by the annual conference within whose bounds the said premises are situated. The articles of incorporation further provide that "the trustees shall have the sole management of the property, subject to the present and any future provisions of the discipline and the provisions of the annual conference in whose bounds such property is situated." At the time the church was dedicated the trustees of the local society, including defendants Kuck and Brandau, secured subscriptions nearly sufficient to cover the indebtedness of the church. These subscription lists have been at all times, and are now, in the possession of said defendants. At the time they purchased the real estate, however, they borrowed the sum of $728, executing their notes therefor; and as work on the church building progressed they borrowed the sum of $1,500, executing like notes for the amount thereof. In the year 1890 these notes matured, and the holders thereof demanded their money. Having no money with which to meet these demands, it was decided by the local trustees to borrow enough money to meet all their obligations, and to give a mortgage on the church property as security therefor. Pursuant to the resolution they borrowed the sum required from S. F. Farnham, and made a mortgage on the church property to secure the same. When the loan matured, the local society failed to pay; and Farnham brought suit to foreclose his mortgage, and for judgment on his notes, against the Zion Church, the Iowa conference, and the local trustees. The Zion Church and the Iowa Confer-

ence filed answers in which they pleaded that the property
was held in trust for the association, that the trustees had
no authority to mortgage the same, and that the mortgage
was void and of no effect.  The local trustees practically
confessed judgment on the notes.  On these issues the fore-
closure suit was tried, resulting in a decree finding the
mortgage void and canceling the same of record, but render-
ing judgment against the Zion Church for the amount of the
loan.  Thereafter Farnham assigned his judgment to the
defendants Kuck and Brandau.  After the assignment was
made, the assignees caused an execution to issue on the judg-
ment, which was returned, "No property found."  Thereafter
Kuck and Brandau filed their petition against a large num-
ber of the members of the local society, asking judgment
against them for the amount of their claim, reciting the re-
turn *nulla bona* on the execution.  This case was tried to
the court, resulting in the dismissal of their petition.  There-
after an alias execution was issued, which was levied on the
church property in question, and the same was advertised
for sale.  This suit is to enjoin the sale under that
execution.  It is claimed, among other things, that
the decree in the Farnham case is res adjudicata of
the question presented on this appeal; that neither the legal
nor the equitable title to the church property is in the Zion
corporation, and therefore cannot be subjected to the pay-
ment of the Farnham judgment; that, in any event, the
Zion Church is but the trustee of a charity, and that it has
no interest in the property which is subject to levy and sale;
and that on the whole case there can be no execution sale
of the property.  On the other side it is insisted that the
local trustees were and are agents of the Evangelical Asso-
ciation of North America, and as such had power to con-
tract debts in the erection of the church property that should
be paid out of the property itself; that plaintiffs are estop-
ped from asserting that the property cannot be subjected to
the payment of the judgment, because they have accepted
the benefit of the acts of their trustees, and must assume the

burdens incurred by them; that defendants Kuck and Bran-
dau are subrogated to all Farnham's rights growing out of
his judgment; that the decree in the Farnham case is not
res adjudicata; that plaintiffs are not the real parties in
interest; that there is misjoinder and nonjoinder of proper
parties; and that in any event defendants are entitled to
make an equitable levy, and, if the pleadings do not warrant
the giving of such relief, that the case be reversed and re-
manded for the purpose of allowing them to bring suit to
subject the property to the payment of their judgment.
Appellant's counsel do not agree as between themselves on
the question of the right to sell the property on execution.
One of them confesses that it cannot be done, while the other
insists that it may.

Before going to the merits, we will dispose of the prac-
tice points argued in the briefs, and first the question of
proper parties. Defendants contend that neither of the
plaintiffs has any interest, title, or right to the prop-
erty; that either the trustees or the beneficiaries de-
scribed in the deed should have been made parties
to the suit. This question is first made in this court, and
for that reason, if for no other, cannot be considered. *Coe
v. Anderson,* 92 Iowa, 515; *Pipe v. Bateman,* 1 Iowa, 369;
*Bouton v. Orr,* 51 Iowa, 473. Moreover, the trustee
of an express trust may bring action without join-
ing those for whose benefit the action is prosecuted.
Code, section 3459. Again, the Iowa conference is a bene-
ficiary by the terms of the deed. The defect, if there is
one, appeared on the face of the petition; and, as
no objection was taken, it will be deemed waived.
*Corey v. Sherman,* 96 Iowa, 114; *Boyd v. Watson,*
101 Iowa, 214. To the claim that defendants are entitled
to make an equitable levy, it may be answered that no such
issue was made in defendants' answer. This court
cannot, on a trial de novo, determine a question not
raised by the pleadings in the trial court. *Manu-
facturing Co. v. Hasbrouck,* 68 Iowa, 554. When counter

relief is asked, the facts must be specially pleaded. *Lord v. Ellis,* 9 Iowa, 301. That was not done in this case. True, an affirmative defense was pleaded, but this is not sufficient to authorize affirmative relief. *Walker v. Walker,* 93 Iowa, 643. We will not reverse the case because defendants failed to file proper pleadings in the court below. *Sanxey v. Glass Co.,* 68 Iowa, 542.

II. Coming to the merits of the case, it will be observed that the conveyance was to the trustees of the Zion Church, in trust for the use and benefit of the ministry and membership of the Evangelical Association of North America. The incorporated Zion Church had no interest in the property, beneficial or otherwise, save as its members came to use it as a place of worship. Its trustees held the title in trust, and, if it had any title at all, it was in trust, as before stated, "subject to the discipline and usages of the association as declared by the general and annual conferences." In the Farnham foreclosure suit it was expressly decided that the trustees had no authority to incumber the property, and the mortgage executed by them was declared null and void and was canceled. That decree was not appealed from, and is a finality. Judgment was rendered against the corporate entity known as the "Zion Church," but no lien was declared against the property. If Farnham was entitled to an equitable lien, it was his duty to assert his claim thereto in that case; and, as he failed to do so, it follows that neither he nor his assignees can claim such a lien in this case, even if they had filed proper pleadings. A party cannot split up his cause of action. When he brings suit claiming a lien, he must present all the facts entitling him thereto in the one case. He will not be allowed to assert a mortgage lien in one case, and, when defeated, bring another, claiming a general equitable lien against the same property. *Keokuk Gaslight & Coke Co. v. City of Keokuk,* 80 Iowa, 137; *Lyman v. Faris,* 33 Iowa, 498; *Smith v. Baldwin,* 85 Iowa, 570; *Goodenow v.*

*Litchfield*, 59 Iowa, 226. This effectually disposes of appellants' claim to an equitable lien, as they by their judgment take no greater rights than Farnham, their assignee, had.

The remaining question is, may the property held in the manner shown, be sold on execution issued on the judgment rendered against the Zion Church? As we have seen, the legal title is in the trustees of that church for certain expressed purposes. The church itself has neither the legal nor the equitable title to the property. That a judgment is a lien on an equitable interest in property is conceded. *Twogood v. Stephens*, 19 Iowa, 405; *Rand v. Garner*, 75 Iowa, 311; *Bartle v. Curtis*, 68 Iowa, 202, *Lippincott v. Wilson*, 40 Iowa, 425. But it does not appear that the Zion Church corporation has an equitable title in the property. Indeed, that position is distinctly negatived by the deed itself, and there is no evidence aliunde to the contrary. It does not hold the legal title. That is in the trustees. But, if it has any title, it is as trustee of a charitable or religious trust. Conceding that it is a trustee, we must look to the articles of incorporation and the discipline and usages of the denomination, to ascertain its character. From these it appears that the property is held for the ministry and members of the Evangelical Association of North America, and not for the members of the corporation itself, except as they may belong to the Evangelical Association.

Such a trust is valid, and will be upheld. *Johnson v. Mayne*, 4 Iowa, 180; *Evangelical Ass'n's Appeal*, 35 Pa. 316. The trustees had no power to mortgage the property. That was settled in the original Farnham case. If they could not do this, it is difficult to see how they may create an indebtedness which, when reduced to a judgment, would accomplish the same purpose. *Huntt v. Townshend*, 31 Md. 336 (100 Am. Dec. 63).

Even if the trustees had power to create an indebtedness, the property of their beneficiary, cannot be sold on execution issued on a judgment against the trustees. *Mallory*

*v. Clark,* 20 How. Prac. 418; *Wilhelm v. Folmer,* 6 Pa. 296; *Ingham v. Dudley,* 60 Iowa, 16. As said in this last case, "The law will not violate the trust, and divert the property, by judicial proceedings or sales, from the purposes of the trust." It may be that the trustees who made the expenditures could, under certain circumstances, call on the *cestue que* trust to reimburse them for payments made, but that is not what is asked in this case. The court will not tolerate a diversion of the trust property by authorizing judicial sale thereof, under the circumstances disclosed. These doctrines are elementary, and we need only cite the following in their support: *Thomas v. Kennedy,* 24 Iowa, 398; *Atkinson v. Hancock,* 67 Iowa, 452; *Boardman v. Willard,* 73 Iowa, 20; *Churchill v. Morse,* 23 Iowa, 229; *Bucknell v. Deering,* 99 Iowa, 548. Farnham knew that the parties with whom he dealt were trustees, and was bound, at his peril, to know the extent of their powers. *In re Fesmire's Estate,* 134 Pa. 67 (19 Atl. Rep. 502); *Smith v. Burgess,* 133 Mass. 511. We reach the very satisfactory conclusion that the decree is right, and it is AFFIRMED.

SHERWIN, J., taking no part.