WILLIAM H. ROBISON et al., Appellees, v. SARAH ROBISON et al., Appellants.

HOMESTEAD:   Absence of Written Conveyance.   A homestead, after its *abandonment* as a homestead by both husband and wife, may be legally conveyed without the formality of a written conveyance.   So held where such surrender was made by the voluntary act of the parents, turning their homestead over to a son, in return for an agreement for support.   (Sec. 2974, Code, 1897.)

*Appeal from Jones District Court.*—F. F. DAWLEY, Judge.

DECEMBER 16, 1919.

SUIT to quiet title.   The claim of title of plaintiff William H. Robison is based upon an oral contract, entered into with Joseph Robison, his father, eight years prior to his decease.   Joseph Robison died in 1910.   The defendants are the widow and children of Calvin Robison, brother of William, who died in 1916.   There was a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*Voris & Haas,* for appellants.

*E. L. McGruder* and *Remley & Remley,* for appellees.

EVANS, J.—In 1877, Joseph Robison and his wife acquired the 40 acres in controversy, and settled thereon as their home.   They had 3 minor children, Calvin, William, and Lawrence, aged respectively 18, 13, and 7 years.   The

parents were poor and uneducated. The oldest son, Calvin, had learned telegraphy, and he obtained employment in that line before he attained his majority. William remained on the little farm with his father, and aided in the work thereon. As Lawrence grew up, he also learned the work of telegraphy, and left home before his majority, to engage in that occupation. Calvin and Lawrence both married. William did not marry, but remained with his parents upon the farm, for many years after attaining his majority. The oral contract relied on by this plaintiff is alleged to have been made in the spring of 1902. At that time, he was 38 years old. He had remained continuously with his parents, without compensation or contract for any, and had been their only stay. He had come, as alleged, into a state of discontent, and had announced to his parents his purpose to break home ties, and to engage in something for himself. His father was under physical disability, and helpless to work the farm. Circumstances are disclosed in evidence which account plausibly for the defendant's state of mind at that time. Calvin had, after his marriage, bought 40 acres of land, partly with the help of his father, which adjoined this 40-acre tract, and he had recently sold the same, realizing a substantial price therefor. For several years, William had farmed this land, in connection with the home 40. The sale of it had the effect of circumscribing his activities, and he was confronted with the alternative of striking out for himself, or with living with the parents to the end of their days upon the little farm. It was then that the father proposed to him, in substance, as alleged, that he should devote himself to the support of his parents, and that he should take therefor all the property as his own. This proposition being assented to by William, it is claimed that he took complete possession and control of the farm and personal property, and has thus continued ever since, and that he has faith-

fully and affectionately performed his agreement to support. The father died in 1910. The mother is still living with William, and is his principal witness. Calvin died in 1916. He had not, since the death of his father, claimed any interest in the estate. Lawrence is said to have acquired bad habits, and to have abandoned his family. His whereabouts are unknown. He never claimed any interest in the property since his father's death. He is a party defendant, served by publication.

In the main, the case involves fact questions. In view of our accord with the finding of the trial court, we will not enter into the details of the evidence. The direct evidence of the widow has corrobation of a very substantial nature, both in the circumstances existing at the time the alleged contract was made, and in the subsequent conduct of the interested parties. In the light of the history of the family, also, the finding has in it a quality of natural justice. This man is now 55 years of age, unmarried. So far, he has devoted his entire life to his parents. His mother is still dependent upon him for her support. She has an equitable lien upon the property for her support.

A question of law is presented which is not free from difficulties. This being the homestead of the parents, nothing but a written instrument, jointly executed by them, could have conveyed it. The answer to this is that, when they surrendered possession and control to William, they abandoned their homestead as such, and the statute ceased to control the method of conveyance. In support of this theory, the plaintiff relies upon our holdings in *Drake v. Painter*, 77 Iowa 731; *Winkleman v. Winkleman*, 79 Iowa 319; *Caldwell v. Drummond*, 127 Iowa 134.

The first two cases here cited were distinguished in *Alvis v. Alvis*, 123 Iowa 546. The defendants rely upon this *Alvis* case. In that case, the fact of the abandonment of the homestead was found adverse to the claimant. The

line of demarcation between these respective cases is quite close.

We reach the conclusion that the case at bar in its facts comes within the rule of the *Drake* case and of the subsequent cases cited.

The decree of the district court will, therefore, be—

*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.