In the Matter of JEROME MYER et al., as Trustees for JULIUS MYER, under Trust Indenture Dated April 21, 1942, Judgment-Debtors-Respondents.

ABRAHAM MYER et al., Judgment-Creditors-Appellants; JULIUS MYER, by LOUIS J. LEFKOWITZ, as Committee of His Person and Property, Appellant.

Supreme Court, Special Term, New York County, October 9, 1947.

*Abraham J. Halprin* for judgment creditors.

*Jay Leo Rothschild* for judgment debtors.

*Falk & Orleans* for respondent.

PECORA, J. Motion is made to vacate an execution issued by judgment creditors and a levy made thereupon. Upon the argu-

ment of the motion, the sale scheduled to be held by the sheriff was stayed pending determination of this application.

The judgment involved herein was obtained as a result of the dismissal of a petition for dissolution of a corporation under section 103 of the General Corporation Law. The judgment debtors are trustees of an express trust, the sole asset of which is fifty shares of stock of the corporation sought to be dissolved. The balance of the stock, i.e., fifty shares, is owned by the individual judgment creditors. The beneficiary of the trust, who was the settlor thereof, was adjudicated an incompetent on April 5, 1945, and a committee of his property has been appointed.

Upon dismissal of the dissolution proceeding, judgment was entered against the judgment debtors, as trustees, in the sum of $10,620, for costs and disbursements. Section 1500 of the Civil Practice Act authorized the imposition of costs against a trustee of an express trust, exclusively chargeable and collectible from the estate or fund.

But while section 1500 permits the imposition of costs against a trustee it makes no reference to the manner in which such judgment can be collected. I hold that the execution and levy herein must be vacated because without intervention of the court the interest of a trustee, as such, is not subject to execution, nor to levy thereunder, nor to a sale pursuant to such levy. The interest of a trustee in a trust estate can only be reached in a special proceeding brought for that purpose. Language in *Mallory* v. *Clark* (20 How. Prac. 418) supports this view. Such a course is essential to preserve the inherent jurisdiction the Supreme Court has over trust estates. To allow an execution, levy, and sale of a trust estate without permission of the court could effectuate a termination of a trust in a manner not permitted by law. Obviously the beneficiaries of a trust would be vitally interested in such a proceeding and would have to be made parties thereto. In the absence of any positive statutory permission for the procedure adopted by the judgment creditors here, the court should prevent the destruction of the trust through issue of execution.

Particularly dangerous is such procedure where, as in the instant case, the sole beneficiary of the trust is an incompetent. In a proceeding to reach the trust property, the committee of the incompetent would have an opportunity to prevent the destruction of the trust.

Since I base my decision upon the above principles, it is unnecessary to discuss the other grounds upon which this motion is made. The motion is in all respects granted. Settle order.